UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYANT D. SCOTT, JR.** : | CIVIL ACTION |
| 905 Disston Street : | |
| Philadelphia, PA  19111 : | NO. |
| Plaintiff, : | |
| : | |
| : | |
| vs. : | |
| : | |
| **BOYD GAMING d/b/a** : | |
| **VALLEY FORGE CASINO** : | |
| 6465 S. Rainbow Boulevard : | |
| Las Vegas, NV 89118 : | |
| Defendant. : | |

CIVIL ACTION COMPLAINT
PERSONAL INJURY

1. Plaintiff is an adult individual residing at the above-captioned address and is a citizen of the Commonwealth of Pennsylvania.

2. Defendant is a Foreign Corporation, a citizen of the State of Nevada doing business as, inter alia, a gambling casino, the Valley Forge Casino, 1160 1st Avenue, King of Prussia, PA 19406.

3. On or about March 29, 2024, plaintiff was a patron and business invitee of defendant at the above-mentioned location.

4. While attempting to play one of defendant's slot machines, a drawer or some other component part of the machine collapsed onto plaintiff causing plaintiff to suffer injuries more fully set forth below.

5. The above-described incident and plaintiff's resulting injuries were caused by the carelessness and negligence of defendant and/or its employees and/or agents and not by any act/or omission of plaintiff.

6. Defendant is liable for the acts and/or omissions of its employees and/or agents under the principle of respondeat superior.

7. The carelessness and negligence of defendant and/or its employees and/or agents consisted of the following:

    a. Failing to properly secure the machine and/or its component parts in question;

    b. Failing to adequately inspect and maintain the machine;

    c. Failing to select a safe and proper method of securing the component parts of the machine;

    d. Failing to properly instruct its employees and/or agents in the safe and proper method to secure the component parts of the machine;

    e. Failing to properly and/or adequately supervise and/or monitor the securing of the component parts of the machine; and

    f. Failing to warn patrons including plaintiff that the machine was not properly constructed and/or maintained and/or presented a danger of collapse or disassembly.

8. As a result of the negligence of defendant, plaintiff suffered severe and disabling injuries to the bones, muscles, skin, nerves, tendons, ligaments, tissues and blood vessels of his body including but not limited to severe sprains and strains of both knees with disruption of the fibular collateral ligament on the right and his lumbar spine with disc herniation, and other secondary problems and complications, the full extent of which are not yet known, and some or all of which may be permanent in nature.

9. As a result of the negligence of defendant, plaintiff has in the past and may in the future be prevented and precluded from attending to his normal duties, occupations, and avocations. In addition, he has suffered and may continue to suffer pain, mental anguish, and inability to engage in his normal activities and inability to pursue the normal and ordinary pleasures of life.

10. As a result of the negligence of defendant, plaintiff has in the past required and may in the future continue to require medical care and other treatment and the plaintiff has in the past incurred and may in the future continue to incur expenses for medicines, medical care and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure his conditions.

**WHEREFORE,** plaintiff demands judgment in his favor and against defendant, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) together with lawful interest and costs.

**ZAFRAN LAW GROUP**

By: _____
**AGOSTINO CAMMISA, ESQUIRE**
**ATTORNEY I.D. NO.: 19692**
**1800 JFK BLVD., SUITE 400**
**PHILADELPHIA, PA 19103**
**EMAIL: acammisa@zafranlaw.com**
**Tel: (215) 575-7602; Fax: (215) 575-7640**
Attorney for Plaintiff

## VERIFICATION

I, *Bryant Scott* am a plaintiff in this action and hereby verify that the attached *Complaint* is based on first-hand information and/or information furnished to my counsel and/or obtained by him/her. The language of the document is that of counsel. To the extent that the contents of the document are based on information furnished to counsel and/or obtained by him/her, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

_3/11/26_
Date

*Bryant Scott*